

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-34,095-29

### EX PARTE ANTONIO SEPEDA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 87-7-7635-G IN THE 24TH DISTRICT COURT
### FROM DE WITT COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to robbery and was sentenced to forty years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

On June 24, 2020, this Court remanded this matter to the trial court to obtain affidavits and findings addressing Applicant's claim that he was not afforded a hearing before the revocation of his mandatory supervision. On February 11, 2022, this Court received the supplemental record, which includes the trial court's findings of fact and conclusions of law. The trial court finds that Applicant "made a knowing and voluntary plea of guilty" to the underlying charges in this case. The

trial court also finds that there was no mandatory supervision granted in this case, but that Applicant was sentenced to forty years' imprisonment "with all due process followed." Applicant is not challenging the voluntariness of his plea to the underlying charges in this application, and his claim pertains to the revocation of mandatory supervision, not community supervision.

The trial court's findings of fact and conclusions of law do not address the claims raised by Applicant in this application, and the record is still insufficient to address those claims. Applicant has alleged facts that, if true, might entitle him to relief. *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972); TEX. GOV'T CODE §508.281. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name. The trial court shall make findings of fact and conclusions of law as to whether Applicant was afforded due process in the revocation of his mandatory supervision, including a hearing if Applicant was entitled to such a hearing and did not waive his right to such a hearing. The trial court shall make findings of fact and conclusions of law within thirty days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including,

among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions.  *See* TEX. R. APP. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: March 30, 2022
Do not publish